UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ABBOTT and INDEPENDENT
MANAGEMENT SERVICES, an assumed
name for THE CARSWELL GROUP, INC.

**CLASS ACTION**

        Plaintiffs,

Case No.
Hon.

CITY OF DETROIT, acting through its DETROIT
WATER & SEWERAGE DEPARTMENT,

        Defendant.
_____/

MARK K. WASVARY, P.C.
By: MARK K. WASVARY P51575
Attorney for Plaintiffs
2401 W. Big Beaver Rd., Suite 100
Troy, Michigan 48084
(248) 649-5667
markwasvary@hotmail.com
_____/

**CLASS ACTION COMPLAINT**

NOW COMES, Plaintiffs, individually and on behalf of all others similarly situated by and through the undersigned attorneys, MARK K. WASVARY, P.C. and for this Class Action Complaint states as follows:

1.    This action is brought on behalf of a class of all persons and entities whom have been assessed an industrial waste control charge ("IWC") by the Detroit

Water & Sewerage Department ("DWSD") when in fact they were exempt from such a charge.

2. DWSD is the entity designated under law that provides city water and city sewerage services to its residents, which residents include the Plaintiffs and others similarly situated.

3. Pursuant to City of Detroit Ordinance as well as the policies of the DWSD, certain water customers are exempt from the IWC.

4. Pursuant to City Code, Section 56-3-58.1, single family and multi-family residential dwellings with discharge that are consistent with domestic waste characteristics are exempt from the IWC.

5. Pursuant to DWSD policy there is also an exemption for public and private elementary, and secondary schools which are part of a governmental school district; colleges, universities, and professional schools; junior colleges and technical institutes; and local and state government offices. (See DWSD Information Statement regarding Industrial Waste Control Charge attached hereto as Exhibit A).

6. A prior action was filed in the U.S. District Court for the Eastern District of Michigan in 2007 regarding the IWC as it relates to multi-family residential property and assigned case # 07-cv-12963. That action resulted in a Class Action

settlement and a refund to the Class members encompassing a time period of June 1, 2001 through July 31, 2008.

7. The settlement in the prior action did not include charges assessed after July 31, 2008. In that settlement the DWSD agreed to comply with the definitions set forth in Article III of the Detroit Code of Ordinances, specifically and without limitation Section 56-3-58.1.

8. DWSD continues to charge the IWC to persons and entities that are exempt from such a charge.

9. When notified of a property being improperly assessed the IWC, the DWSD will cease the charge, however refuses a refund for past charges.

## JURISDICTION

10. Plaintiffs incorporate paragraphs 1 through 9 as if more fully set forth herein.

11. This Court has jurisdiction pursuant to a final judgment and settlement agreement entered in case # 07-cv-12963.

## PARTIES

12. Plaintiffs incorporate paragraphs 1 through 11 as if more fully set forth herein.

13. Plaintiff, Independent Management Services, an assumed name for The Carswell Group, Inc. ("Independent") is the party responsible for paying the water and sewerage bill at a property commonly known as Forest Park Apartments ("Forest Park"). Forest Park is a subsidized multi-family housing complex and is exempt from the IWC.

14. Forest Park has been assessed the IWC for at least the last 6 years. The water and sewerage service addresses include 1016-30 E. Canfield St., 1032-46 E. Canfield St., 1006 E. Canfield St. and 1054 E. Canfield St.

15. Plaintiff, James Abbott ("Abbott") is an individual responsible for paying the water and sewerage bills at 1610 E. State Fair St. in the City of Detroit. 1610 E. State Fair St. is a 16 unit residential housing cooperative and is exempt from the IWC.

16. In September of 2014, Abbott discovered that he was being assessed the IWC and immediately requested that DWSD cease the charge. DWSD did cease charging the IWC to that address.

17. In November of 2013, DWSD changed the water meter at 1610 E. State Fair St. and based on a reading from the new water meter DWSD notified Abbott in December of 2015 that he owed in excess of $16,000.00 for the past five years.

18. Abbott requested, in writing, and in person, on September 20, 2016 that the DWSD offset against the foregoing all IWC charges paid by him during that five year period, and DWSD refused.

19. Under threat of lien and water shut off, Abbott paid amounts claimed to be owed to DWSD, including the IWC charges.

20. The Defendant, City of Detroit, is a municipal corporation located in the City of Detroit, County of Wayne, State of Michigan.

21. The City of Detroit acts through the department known as the Detroit Water & Sewerage Department to review, modify and adopt water and sewer rates and set policies regarding same.

## CLASS ALLEGATIONS

22. Plaintiffs incorporate paragraphs 1 through 21 as if more fully set forth herein.

23. All Plaintiffs and class members have suffered and continue to suffer similar harm due to being charged the IWC.

24. <u>Class Definition</u>: Plaintiffs seek to certify the following Class;

> All persons or entities who or which are water customers within the City of Detroit and are exempt from the Industrial Waste Control Charge (IWC) yet were assessed the IWC during a period of time dating six (6) years back from the filing of this Complaint. Exempt from the class are Defendants and any entities controlled by Defendants.

25. <u>Numerosity:</u> The proposed Class is so numerous that joinder of all members is impracticable. Although the exact number of Class members is not now known, the Plaintiffs believe the Class number is in excess of 40 members and may be readily identified from Defendant's records.

26. <u>Commonality:</u> There are questions of law or fact common to the members of the Class and that predominate over questions affecting only individual members.

27. Among the questions of law are fact common to the Class are the following:

    a) Does any ordinance, statute or law preclude the IWC to be assessed to Plaintiffs and those similarly situated?

    b) Are Plaintiffs and the Class of those similarly situated exempt from the IWC based on ordinance or policy?

28. <u>Typicality:</u> The harm suffered by named Plaintiffs is typical of the harm suffered by other Class members differing only in the amount. Accordingly, the claims of the Plaintiffs are the same as those of the Class members. Resolution of these common questions will determine the liability of the Defendants to the Class members in general. Thus, they properly form the basis for class treatment in this case.

29. Although the amount of damages between individual Class members may vary, the underlying liability issues remain the same as between all members of the Class and the Defendants.

30. <u>Adequacy of Representation</u>: The represented parties will fairly and adequately assert and protect the interests of the Class. The named Plaintiffs have already demonstrated their willingness to pursue this litigation on their own behalf, and have no known conflicts with the Class members.

31. <u>Adequacy of Plaintiffs Counsel</u>: Plaintiffs' counsel will also fairly and adequately represent the interest of the class. Attorney Mark K. Wasvary is well-versed in the facts and substantive law underlying the Plaintiff's claims and has previously been certified to represent a class in three other class actions lawsuits brought in this Court and against municipalities for assessment of the industrial waste charge.

32. This Class action is maintainable under Federal Rules of Civil Procedure 23(b)(1)(2) and (3).

33. The maintenance of this action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

a) The prosecution of separate actions by or against individual members of the class could create a risk of inconsistent or varying adjudications with respect to individual members of the class that would confront the party opposing the class with incompatible standards of conduct; and/or

b) Prosecution of separate actions by or against individual members of the class would create a risk of adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

34. The party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate.

35. The questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

36. The action is and will be manageable as a class action and in fact more manageable than the prosecution of separate actions.

37. In view of the complexity of the issues and expense of the litigation the separate claims of individual class members are insufficient in amount to support separate actions.

38. It is probable that the amount which may be recovered for individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action.

39. Other than case no. 07-cv-12963, Plaintiffs are not aware of any members of the proposed class that have filed similar litigation nor are Plaintiffs aware of any pending similar litigation.

40. The class action is the appropriate method for the fair and efficient adjudication of the controversy. The legal and factual basis for the Plaintiffs' claims are the same as for the claims of all class members. The only difference between individual claims is the severity of the damages. Adjudicating this case on a class wide basis will promote substantial judicial economy by eliminating the likelihood of multiple cases (perhaps hundreds) turning on the same question of law and fact. The class action will also provide the Plaintiffs with the only meaningful avenue for relief, due to the economy of spreading their litigation costs, thereby reducing each individuals litigation expenses over the class and enabling counsel to pursue the

litigation by aggregating the claims. Further, the class action will save the Defendant the burden of defending multiple suits.

## COUNT I - RESTITUTION/ASSUMPSIT

41. Plaintiffs incorporate paragraphs 1 through 40 as if more fully set forth herein.

42. The Defendant has continuously provided water and sewerage service to Plaintiffs and assessed the IWC which is prohibited by Ordinance, as well as policy.

43. Defendant has been charging the IWC to Plaintiffs and those similarly situated for at least six (6) years prior to filing this Complaint.

44. Water and sewer bills per Michigan State Law are liens against properties that receive such services until paid.

45. Michigan law provides that an assumpsit action may be maintained against a municipality and/or its divisions without regard to governmental immunity when restitution is being sought for an illegal or inappropriate assessment.

46. Plaintiff seeks a Court ordered cessation of such illegal or inappropriate charges that were paid and restitution back six (6) years from the date of filing this Complaint.

## COUNT II - BREACH OF CONTRACT/SETTLEMENT AGREEMENT

47. Plaintiffs incorporate paragraphs 1 through 46 as if more fully set forth herein.

48. On September 9, 2008, in USDC EDM case # 07-cv-12963, the Defendant executed a Settlement Agreement for restitution to a Class of residential water customers based on IWC charges.

49. That Settlement Agreement only encompassed charges through July 31, 2008.

50. The Settlement Agreement provides that "Thereafter, the Defendant agrees to comply with the definitions set forth in Article III of the Detroit Code of Ordinances, specifically and without limitation Section 56-3-58.1".

51. The final Judgment and Order entered in case # 07-cv-12963 reserved continuing jurisdiction to this Honorable Court to effectuate the settlement. (ECF Doc #27, pg ID 306).

52. Plaintiffs and the proposed class herein, should not be charged the IWC pursuant to that Settlement Agreement and Defendant is in breach of that Agreement.

53. Due to Defendant's violation of the Settlement Agreement, Plaintiffs' have been damaged.

## COUNT III - INJUNCTIVE RELIEF

54. Plaintiffs incorporate paragraphs 1 through 53 as if more fully set forth herein.

55. Plaintiffs seek injunctive relief enjoining Defendant, its agents, employees, and those persons in active concert and/or participation with them or any of them from charging the IWC in violation of ordinance and policy.

WHEREFORE, it is prayed this Honorable Court ;

A) Enter an Order certifying the Plaintiffs Class and appointing Plaintiffs and their counsel to represent the Class;

B) A Judgment of money damages to Plaintiffs and Class members in an amount equal to the improperly paid IWC charges as described in the Complaint;

C) An award of an incentive fee to named Plaintiffs for having the courage to come forward with this lawsuit;

D) An award of reasonable attorney fees and costs;

E) Injunctive relief as requested in Count III of the Complaint;

F) Such other and different relief as the Court deems just and equitable.

                Respectfully submitted,

                MARK K. WASVARY, P.C.

                By: /s/ Mark K. Wasvary
                MARK K. WASVARY  P51575
                Attorneys for Plaintiffs
                2401 W. Big Beaver Rd, Suite 100
                Troy, MI 48084
                248-649-5667
                Markwasvary@hotmail.com

Dated: March 9, 2017