UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ABBOTT and INDEPENDENT
MANAGEMENT SERVICES, an assumed
name for THE CARSWELL GROUP, INC.          **CLASS ACTION**

        Plaintiffs,          Case No. 17-cv-10761
                         Hon. Bernard A. Friedman

CITY OF DETROIT, acting through its DETROIT
WATER & SEWERAGE DEPARTMENT,

        Defendant.
_____/
MARK K. WASVARY, P.C.
By:   MARK K. WASVARY P51575
Attorney for Plaintiffs
2401 W. Big Beaver Rd., Suite 100
Troy, Michigan 48084
(248) 649-5667
markwasvary@hotmail.com

FAUSONE BOHN, LLP
By: MICHAEL M. MCNAMARA P48055
JAMES G. FAUSONE P33579
JAMES PELLAND P51237
Attorneys for Defendant - City of Detroit
41700 W. Six Mile Rd., Suite 101
Northville, MI 48168
(248) 380-0000
mmcnamara@fb-firm.com
_____/

**JOINT MOTION FOR CERTIFICATION OF SETTLEMENT CLASS AND
PRELIMINARY APPROVAL OF SETTLEMENT AND CLASS NOTICE**

     **NOW COMES,** the Parties to the above cause and for this Joint Motion

pursuant to Federal Rules of Civil Procedure 23 hereby request that this Honorable

Court approve the Class Action Settlement Agreement for the reasons set forth in the

parties Brief in Support of this Motion.

**WHEREFORE**, it is prayed that this Honorable Court preliminarily

approve the settlement and enter the Proposed Preliminary Approval Order.

Respectfully submitted,

MARK K. WASVARY, P.C.

By: _/s/ Mark K. Wasvary_____
MARK K. WASVARY P51575
Attorneys for Plaintiffs
2401 W. Big Beaver Rd, Suite 100
Troy, MI 48084
248-649-5667
Markwasvary@hotmail.com


FAUSONE BOHN, LLP

/s/ Michael M. McNamara
By: MICHAEL M. MCNAMARA P48055
Attorneys for Defendant - City of Detroit
41700 W. Six Mile Rd., Suite 101
Northville, MI 48168
(248) 380-0000
mmcnamara@fb-firm.com


Dated: March 12, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ABBOTT and INDEPENDENT
MANAGEMENT SERVICES, an assumed
name for THE CARSWELL GROUP, INC.          **CLASS ACTION**

       Plaintiffs,                         Case No. 17-cv-10761
                                           Hon. Bernard A. Friedman

CITY OF DETROIT, acting through its DETROIT
WATER & SEWERAGE DEPARTMENT,

       Defendant.

_____/

MARK K. WASVARY, P.C.
By:   MARK K. WASVARY P51575
Attorney for Plaintiffs
2401 W. Big Beaver Rd., Suite 100
Troy, Michigan 48084
(248) 649-5667
markwasvary@hotmail.com

FAUSONE BOHN, LLP
By: MICHAEL M. MCNAMARA P48055
JAMES G. FAUSONE P33579
JAMES PELLAND P51237
Attorneys for Defendant - City of Detroit
41700 W. Six Mile Rd., Suite 101
Northville, MI 48168
(248) 380-0000
mmcnamara@fb-firm.com

_____/

**BRIEF IN SUPPORT OF PARTIES JOINT MOTION FOR
CERTIFICATION OF SETTLEMENT CLASS AND PRELIMINARY
APPROVAL OF SETTLEMENT AND CLASS NOTICE**

# TABLE OF CONTENTS

**PAGE**

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii-iv

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3

ESSENTIAL TERMS OF THE PROPOSED SETTLEMENT . . . . . . . . . . . . . 3-5

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-21

i

## **ISSUES PRESENTED**

I.      Does this case meet the requirements for Rule 23 Class Certification?

        Plaintiff states:          Yes
        Defendants state:          Yes


2.      Does the settlement satisfy the requirements for Preliminary Approval?

        Plaintiff states:          Yes
        Defendants state:          Yes

CONTROLLING AUTHORITY

CASES                                                                                    PAGE

*Amchem Products, Inc. v Windsor,* 521 U.S. 591, 625-26 (1997)……………..……9

*In re American Medical Systems, Inc.,* 75 F3d 1069, 1079
(6th Cir. 1996)…………………………………………………………..6,7,8,9-10

*Armstrong v Board of School Directors of the City of Milwaukee,*
616 F.2d 305, 314 (7th Cir. 1980)……………………………….………14-15

*Bacon v Honda of America Manufacturing, Inc.,* 370 F.3d 565, 570
(6th Cir. 2004)……………………………………………………………6

*Bailey v Great Lakes Canning, Inc.,* 908 F.2d 38, 42 (6th Cir. 1990)…………13,14

*Ball v Union Carbide Corp.,* 376 F.3d 554 (6th Cir. 2004)…………………….…...8

*Califano v Yamaski,* 442 U.S. 682, 701 (1979)……………………………….……7

*Clark Equipment Co., v International Union of Allied Industrial Workers of
America,* 803 F.2d 878, 880, (6th Cir. 1987)……………………………..14

*Jones v Clark Equipment Co.,* 480 U.S. 934 (1987)………………………….....14

*Detroit v Grinnell Corp.,* 495 F.2d 448, 456 (2d Cir. 1974)……………………...14

*Fisher Bros. v Cambridge-Lee Indus., Inc.,* 630 F. Supp. 482, 488-89
(E.D. Pa. 1985)………………………………………………………….14

*In re Gen. Motors Corp. Pick-up Truck Fuel Tank Prods. Liab. Litig.,*
55 F.3d 768, 784 (3d Cir. 1995)……………………………………….…..13

*General Telephone Co. of Southwest v Falcon,* 457 U.S. 147, 157-58 (1982)…….9

*Girsh v Jepson,* 521 F.2d 153, 157 (3d Cir. 1975)…………………………....…19

*Granda Investments, Inc. v DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir. 1992)….13

CASES cont.                                                       PAGE

*Hansberry v Lee*, 311 U.S. 32 (1940)…………………………………..…9

*In re McDonnel Douglas Equip. Leasing Sec. Litig.*, 838 F. Supp. 729, 738-39, (S.D.N.Y. 1993)……………………………………………….14

Newberg on Class Actions § 11.41 at 11-88 (3d ed. 1992)………………….....14

*Newman v Stein*, 464 F.2d 689 (2d Cir. 1972)……………………………….14

*Senter v General Motors Corp.*, 532 F.2d 511 (6th Cir. 1976)………………..…9

*Sprague v General Motors Corporation*, 133 F.3d 388 (6th Cir. 1998)…………..5

*In re Warner Commc'ns Sec. Litig.*, 618 F. Supp. 735, 741 (S.D.N.Y. 1985)……19

## COURT RULES

Fed. R. Civ. P. 23, throughout

## I. **INTRODUCTION**

Representative Plaintiffs by and through their undersigned counsel, hereby requests that the Court conditionally certify Plaintiffs as Class Representatives, certify Plaintiffs' counsel as class counsel, preliminarily approve a proposed Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure and approve the attached Notice of Class Action and Proposed Settlement Agreement and set a date for the Fairness Hearing and Final Hearing.

The Proposed Order submitted herewith (the "Preliminary Approval Order"), is a form that complies with the Settlement Agreement executed by the parties attached hereto as Exhibit 1 (the "Settlement Agreement").

## II. **STATEMENT OF THE CASE**

Plaintiffs filed a Class Action Complaint on March 9, 2017. In the allegations, Plaintiffs allege that Defendant had been charging an Industrial Waste Control Charge ("IWC") to water and sewer customers that are exempt from such charge and that such actions violate an ordinance, policy and a prior settlement agreement reached in USDC EDM Case #07-12963.

Since the Complaint was first filed, Plaintiffs and Plaintiffs' counsel have engaged in formal discovery to determine among other things;

1. The substantial benefits to the Plaintiffs and the Settlement Class under the terms of the Settlement Agreement;

1

2. The risks and uncertainty of litigation, especially in complex actions such as this lawsuit, as well as the difficulties and delays inherent in such litigation;

3. The possibility and likelihood of appeals, even if Plaintiffs prevailed in a class-wide basis, and,

4. The desirability of consummating the Settlement Agreement promptly, in order to provide effective relief to Plaintiffs and the Settlement Class.

Plaintiffs and Plaintiffs' counsel agree that the Settlement Agreement is fair, reasonable, and adequate because it provides for reasonable monetary relief for alleged past violations, prospective equitable relief, is in the best interest of the Settlement Class, and resolved fairly the claims alleged in the lawsuit, and avoids the considerable risks and delays of further litigation.

Counsel for Defendant and counsel for Plaintiffs discussed the merits of the case, the defenses of the claims, and the possibility of a class-wide resolution of the case without the need for further litigation. The parties engaged in multiple negotiation sessions, in person and via telephone. The negotiations, conducted on behalf of the parties by experienced and able counsel, were vigorous in nature and were at all times conducted at arm's length.

Representative Plaintiffs seek to certify a Settlement Class comprised of the following:

Class: All persons or entities who or which are water customers within the City of Detroit and are exempt from the Industrial Waste Control Charge (IWC) yet were assessed the IWC from November 13, 2014 through August 31, 2017. Excluded from the class are Defendant and it's employees.

2

In the event the settlement contemplated under this Agreement does not receive final approval from the Court, the fact that the Parties stipulated to a settlement class shall not be used by any Party either in support or opposition of class certification in the Lawsuit.

Documents produced by the City of Detroit confirms that over the period set forth there were 257 water and sewer accounts that fall within Plaintiffs' class allegations and within the foregoing settlement class definition.

### III.   ESSENTIAL TERMS OF THE PROPOSED SETTLEMENT

The City of Detroit has agreed to establish a settlement fund in the amount of $300,000.00 which will be used in significant part to pay the claims of the Settlement Class Members who are entitled to participate in the distribution of the settlement proceeds pursuant to the Settlement Agreement. Class counsel shall apply to the Court for an award of attorney's fees in the amount of $100,000.00 which represents one-third (1/3) of the settlement fund, and includes out-of-pocket expenses. Defendant will pay attorney fees before any other deduction from the fund. Defendant will pay named Plaintiffs $5,000.00 each from the settlement fund for representing the Settlement Class as the Class Representatives. The cost of notifying the Class and administering the claims will be borne by Defendant and not deducted from the settlement fund.

3

The method to be utilized for the calculation of the distributions due to the class members through credits will be as follows:

a.      A list of water and sewage meters applicable to the class members has been compiled setting forth the class member which owns exempt property to which the meter applies as of August 31, 2017 and listing each meter applicable to a given class member along with historical data of improper IWC charges assessed relative to each such meter commencing November 13, 2014 and running through August 31, 2017. See **Exhibit D** of Settlement Agreement. The November 13, 2014 date is the day after confirmation of Defendant's Chapter 9 Bankruptcy Plan;

b.      Defendant will cause to be employed, at its expense, such personnel as needed to provide Plaintiffs' counsel and the Court with information sufficient to determine the appropriate credit each class member is to receive. The formula for that determination will be structured by taking the entire amount of the improper IWC charges covered by this settlement for the period of time covered by the settlement, determine each meter's percentage of the charge and then take that meter's percentage against $190,000 to determine the credit applicable to each meter.  For example, the entire amount of the IWC charges is $488,270.50.  If a meter's charge represented .10% of that amount, then .10% times $190,000 is $190.00 representing the amount available to the owner of exempt property to which the meter is applicable.

4

Defendant has denied liability to the representative Plaintiffs and the Settlement Class and believes that it may have numerous and complete defenses to Plaintiffs' claims. Defendant does not object to the request for certification solely for settlement purposes. In the event the settlement is not finally approved as provided in the Settlement Agreement, the parties agree that the certification will be set aside and neither this Motion nor the Settlement Agreement will in any way prejudice Defendant's right to contest certification or the merits of Plaintiffs' claim on any legal or equitable grounds.

## IV.   **LEGAL ARGUMENT**

### A.   **THE REQUIREMENTS FOR RULE 23 CLASS CERTIFICATION**

Federal Rule of Civil Procedure 23 sets forth the criteria for certifying an action as a class action.  In order for a class to be certified, a class must satisfy all of the perquisites of Rules 23(a) and in addition satisfy at least one of the subdivisions of Rule 23(b). Sprague v General Motors Corporation, 133 F.3d 388 (6th Cir. 1998). Rule 23(a) provides: **"Prerequisites"**. One or more members of a class may sue or be sued as representative parties on behalf of all members only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties

will fairly and adequately protect the interests of the class." (Emphasis in the original).

## 1.   <u>Numerosity</u>

The Settlement Class must be so numerous that joinder of all members is impracticable.  Fed.R.Civ.P. 23(a)(1).  There is no automatic cut-off point at which the number of Plaintiffs makes joinder impractical, thereby making a class-action suit the only viable alternative.  <u>In re American Medical Systems Inc.,</u> 75 F3d 1069, 1079 (6th Cir. 1996).  However, the sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy Rule 23(a)(1). <u>Bacon v Honda of America Manufacturing, Inc.,</u> 370 F.3d 565, 570 (6th Cir. 2004).  Here, there are 257 water and sewer customers that make up the claims of the Class. The Settlement Class has been identified from records of the City of Detroit. Based on this, Plaintiffs submit that joinder of all members of the Settlement Class is clearly impracticable. The Defendant agrees that the numerosity requirement of Rule 23(a)(1) is met for purposes of certifying a Settlement Class only.

## 2.   <u>Commonality</u>

Federal Rule of Civil Procedure 23(a)(2) requires that there are questions of law or fact common to the class.  For purposes of certifying a class, the commonality requirement is interdependent with the impracticality of joinder requirement, and the tests together form the underlying conceptual basis supporting class actions.  <u>In re</u>

6

American Medical Systems, Inc., 75 F.3d at 1080 (6th Cir. 1996). Class relief is peculiarly appropriate when the issues involved are common to the class as a whole and when they turn on questions of law applicable in the same manner to each member of the class. Califano v Yamaski, 442 U.S. 682, 701 (1979).   The commonality test is qualitative rather than quantitative, that is, there need only be a single issue common to all members of the class. In re American Medical Systems, Inc., 75 F.3d at 1080.

In this case, virtually all issues of law and fact are common to the Settlement Class, including, but not limited to, the following basic factual and legal issues that will have to be litigated in this case:

1.   Does any ordinance, statute or law preclude the IWC to be assessed to Plaintiffs and those similarly situated?

2.   Are Plaintiffs and the Class of those similarly situated exempt from the IWC based on ordinance or policy?

3.   Is the City of Detroit obligated to reimburse and pay restitution to Plaintiffs and members of the class?

Plaintiffs state that these issues of fact and law are common to each and every member of the Settlement Class. Defendant agrees with this assertion for purposes of certifying a Settlement Class only.

**3.   Typicality**

7

Rule 23(a) requires that claims or defenses of the representative parties are typical of the claims and defenses of the class. The commonality and typicality requirements of Rule 23(a) tend to merge. <u>Ball v Union Carbide Corp.,</u> 376 F.3d 554 (6th Cir. 2004). For purposes of certifying a class for a class action, "typicality" determines whether a sufficient relationship exists between the injury to the named Plaintiff and the conduct affecting the class, so that the Court may properly attribute a collective nature to the challenged conduct. <u>In re American Medical Systems, Inc.,</u> 75 F.3d at 1082. Thus, a Plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members, and if his or her claims are based on the same legal theory. <u>Id.</u>

After thorough investigation, Plaintiffs' counsel is not aware of any differences between the interests of the Representative Plaintiffs and the interests of all other Settlement Class members. Rather, the Representative Plaintiffs' claims are typical of the claims of the Settlement Class because the alleged liability of Defendant to Representative Plaintiffs and the Settlement Class arises from the same course of conduct alleged to be in violation of the same ordinance and prior settlement agreement.

Representative Plaintiffs and each Settlement Class member were charged the IWC while being exempt from such charge. As a result, the Representative Plaintiffs have claims that are precisely the same as those of all other Settlement Class

8

members, and, thus, proof of the Settlement Class' common claims will prove the Representative Plaintiffs' individual claims. The Representative Plaintiffs thus submit they have demonstrated that their interests are sufficiently aligned with those of the other Settlement Class members so as to satisfy the typicality requirement. Defendant agrees with this assertion for purposes of certifying a Settlement Class only.

### 4.      Adequacy of Representation

Fed.R.Civ.P. 23(a)(4) requires that the Plaintiffs as representative parties "will fairly and adequately protect the interests of the class." This prerequisite is essential to due process, because a final judgment in a class action is binding on all class members. Hansberry v Lee, 311 U.S. 32 (1940). The adequacy inquiry serves to uncover conflicts of interest between named parties and the class they seek to represent. See General Telephone Co. of Southwest v Falcon, 457 U.S. 147, 157-58 (1982). A class representative must be part of the class and possess the same interest and suffer the same injury as the class members. Amchem Products, Inc. v Windsor, 521 U.S. 591, 625-26 (1997).[1]

---

[1] The two criteria for determining adequacy of representation are: (1) the representative(s) must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel. Senter v General Motors Corp., 532 F.2d 511 (6th Cir. 1976) The adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no

9

Plaintiff asserts that the named Plaintiffs are more than adequate representatives for the members of the class. Named Plaintiffs are water and sewer customers exempt from the IWC. All have suffered the same type of damage. Defendant agrees for purposes of settlement certification only, that Plaintiffs have met this requirement under Rule 23(a).

With respect to adequacy of counsel, Mark K. Wasvary has been certified as class counsel in multiple lawsuits against municipalities where restitution was sought and received for the Class.[2]

### 4.   The Proposed Class Also Satisfies the Requirements of Rule 23(b)(3)

Class certification also requires the class representatives to show that they can satisfy one of the alternative requirements of Rule 23(b).  Here, the Plaintiffs assert

---

incentive to pursue the claims of the other class members.  In re American Medical Systems, Inc., 75 F.3d at 1083.

[2] Plaintiff's counsel has been certified as class counsel in the following lawsuits in the United States District Court for the Eastern District of Michigan: *Village Center Associates, et.al. v City of Detroit,* USDC Case No. 07-12963, *Lola Valley Terrace Association v Charter Township of Redford,* USDC Case No. 09-11238, *Lanson Development Company LLC v City of Dearborn,* USDC Case No. 09-13956, *Eghigian v Fifth Third Bank,* USDC Case No. 07-14406, *Garner, et.al. v City of Roseville, et. al.,* USDC Case No. 16-10760, *NILI, et. al. v City of Warren*, USDC Case No. 15-13392. Mark K. Wasvary has also been certified in the Wayne County Circuit Court in the matter of *Woodside Square Limited Partnership v City of Romulus,* Case No. 09-019233CZ, and the Oakland County Circuit Court in the matter of *Kelly, et.al. v Birmingham Public Schools,* Case No. 12-130333-CZ.

that they meet the requirements for certification under Rule 23(b)(3).  In order for a matter to be certified under Rule 23(b)(3), it is necessary that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members.  Defendant agrees that this requirement has been met for purposes of settlement certification only.

The question of whether or not the Settlement Class was exempt from the IWC and is entitled to reimbursement is the common question that must be answered in order for anyone in the class to recover damages.  There are no individual issues. The questions and issues that affect all class members equally are the sole issues in this case. A single adjudication can resolve all issues raised by the class.

In addition, for certification under Rule 23(b)(3), the Court must find that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Rule 23(b)(3) sets forth four factors for the Court to consider: (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against the members of the class; (3) the desirability or undesirability of concentrating the litigation of the claims in a particular forum; and (4) the difficulties likely to be encountered in the management of a class action.  Plaintiffs assert, and Defendant agrees for settlement

11

certification purposes only, that all four of these factors favor certification of the class for the following reasons.

First, the interest of members to individually control the litigation of their claims is low because the costs of suit is prohibitive to bring individual actions. The individual claims to recoup money may be less than one hundred dollars and is far outweighed by the cost of filing suit, conducting discovery and potentially needing expert witness testimony. Second, no other litigation has been commenced against Defendant by the class members involved in this case. Third, there is a desirability to concentrating the claims in this litigation in this judicial district. All the claims arise in the City of Detroit, Michigan which is within this judicial district. Fourth, there should be little if any difficulty managing a class action in this case. The evidence here is that 257 water and sewer accounts form the Class. Settlement Class members have already been identified through Defendant's records. There would thus appear to be virtually no management problems and the class action procedure would not be unduly burdensome.

**B.     THE SETTLEMENT SATISFIES THE REQUIREMENTS FOR PRELIMINARY APPROVAL**

### 1.     Standards Applicable to this Court's Consideration of the Proposed Settlement

Federal Rule of Civil Procedure 23(e) provides that a class action may not be compromised or settled without approval of the court. A district court should approve

12

a settlement if it is "fundamentally fair, adequate and reasonable" in light of the circumstances of the case. <u>Bailey v Great Lakes Canning, Inc.</u> 908 F.2d 38, 42 (6th Cir. 1990). Factors relevant to determining whether a proposed settlement is fair, adequate and reasonable include "the likelihood of success on the merits, the risk associated with and the expense and complexity of litigation, and the objections raised by class members. <u>Granada Investments, Inc. v DWG Corp.</u> 962 F.2d 1203, 1205 (6th Cir. 1992).

Courts generally favor the settlement of lawsuits because settlements replace the expense and uncertainties of trial with a mutually agreeable outcome. <u>Newman v Stein,</u> 464 F.2d 689 (2d Cir. 1972). There is an overriding public interest in settling litigation and avoiding trials, especially in class action suits.[3] As a general rule, approval of a proposed settlement is committed to the sound discretion of the trial court and the order approving a settlement will not be disturbed absent an abuse of

---

[3] As the Third Circuit explained in <u>In re Gen. Motors Corp. Pick-up Truck Fuel Tank Prods. Liab. Litig.</u> 55 F.3d 768, 784 (3d Cir. 1995): "The law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation." <u>See</u> 2 Herbert Newberg & Alba Conte, <u>Newberg on Class Actions</u> § 11.41 at 11-88 (3d ed. 1992) (citing cases). The parties may also gain significantly from avoiding the costs and risks of a lengthy and complex trial. <u>See First Commodity Corp. of Boston Customer Accounts Litig.,</u> 119 F.R.D. 301, 306-07 (D. Mass 1987). These economic gains multiply when settlement also avoids the costs of litigating class status - often a complex litigation within itself.

discretion.  Bailey v Great Lakes Canning, Inc. 908 F.2d at 42 (6th Cir. 1990).  In

considering a potential settlement for preliminary approval purposes, the trial court

does not reach any ultimate conclusions on the issues of fact and law which underlie

the merits of the dispute, and need not engage in a trial on the merits. Detroit v

Grinnell Corp., 495 F.2d 448, 456 (2d Cir. 1974). The district court's role in

reviewing settlements "must be limited to the extent necessary to reach a reasoned

judgment that the agreement is not the product of fraud or overreaching by, or

collusion between the negotiating parties, and that the settlement, taken as a whole,

is fair, reasonable and adequate to all concerned."[4] The proposed settlement reached

in this case is fair and reasonable because it is the result of extensive arm's length

negotiations conducted by competent counsel with experience in class actions.[5]

Courts primarily consider the strength of the case for the Plaintiffs on the

merits, balanced against the amount offered in the settlement.  Armstrong v Board of

---

[4] Clark Equipment Co. v International Union of Allied Industrial Workers of America, 803 F.2d 878, 880 (6th Cir. 1986), cert denied sub nom Jones v Clark Equipment Co., 480 U.S.934 (1987).

[5] Fisher Bros. v Cambridge-Lee Indus., Inc., 630 F. Supp. 482, 488-89 (E.D. Pa. 1985); In re McDonnell Douglas Equip. Leasing Sec. Litig., 838 F. Supp. 729, 738-39 (S.D.N.Y. 1993) ("courts have consistently refused to substitute their business judgment for that of counsel, absent evidence of fraud or overreaching"); 2 Herbert Newberg & Alba Conte, Newberg on Class Actions § 11.41 at 11-88 (3d ed.1992) ("[t]here is usually a presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval.").

School Directors of the City of Milwaukee, 616 F.2d 305, 314 (7th Cir. 1980).  In addition, they consider: the complexity, expense and length of further litigation; the amount of opposition to the settlement; the presence of collusion in reaching a settlement; the reaction of members of the class to the settlement; the opinion of competent counsel; and the stage of proceedings and the amount of discovery completed.

The proposed settlement is a fair, reasonable, and adequate settlement of the class action claims.  All Class Members will receive a credit on their water and sewer bill without having to make a claim or produce any documentation. The settlement achieves a favorable result without the risks, costs, and delays of sustained litigation, trial and the inevitable post-trial motions and appeals.   In looking at the specific reasons, this Court should conclude that the settlement warrants this Court's approval.

### (a)    The risk of Establishing Liability and Damages

No case is risk-free, and this case is no exception. While Plaintiffs believe that their claims have substantial merit, establishing liability against Defendant, and Defendant was poised to raise various defenses to both class certification and the merits of the claims, including but not limited to the applicable statutes of limitations and repose, and the doctrines of laches, estoppel, res judicata, immunity and waiver.

While Plaintiffs were confident of the legal sufficiency of their allegations and that a class would have been certified, these issues could not have been resolved without extensive briefing and argument, and the outcome was at least somewhat uncertain. Defendant has consistently and emphatically denied any liability to Plaintiffs. Moreover, resolution of these issues and the likelihood of appeals if the Plaintiffs prevailed on class certification or on the merits would have contributed to unacceptable delay which would have diminished the ultimate value of any recovery for the Settlement Class. In light of the amount at issue, the cost of protracted litigation may have greatly diminished the damages recoverable by the Settlement Class. In light of all of the circumstances, establishing liability was by no means certain and a settlement is preferable when compared to the risks of proceeding forward with the litigation.

**(b)      Reasonableness of the Class Recovery**

Given the uncertainties attendant to this litigation and the collection issues, the resolution of the litigation represents a substantial recovery for the Settlement Class in light of the best possible recovery. Defendant has agreed to establish a common fund in the amount of $300,000.00.

The Settlement Class will be compensated by a credit to each water and sewer account. Class members have already been identified and are not required to make a claim. Class members are not required to produce any documentation. The structure

16

of the settlement will ensure that each Class member will receive a proportionate share of the fund.

Following the preliminary approval date, Defendant will mail class notice to the class members in the next regular billing date for each water and sewer account. Class counsel will post the settlement on its website.

The notice form and process designed for providing notice to the Settlement Class members pursuant to Rule 23 are more than sufficient to comply with the due process requirements in providing notice to the Settlement Class.

The class notice form itself clearly describes the terms of the settlement, how the member will receive a credit from the common fund and how the member may object to or exclude itself from the Settlement Agreement. The class notice form further provides that the Settlement Class members who do not timely exclude themselves from the Settlement Class shall be deemed to have assented to inclusion in the Settlement Class, and release the Defendant from all liability under the terms of the Settlement Agreement.

### (c) **All the Attendant Risks of Litigation**

Essentially, this factor is an amalgam of the analysis described above. When the risks of liability and damages are considered in the light of the immediate, concrete and substantial benefits offered to the Settlement Class, this settlement is an excellent result for the Settlement Class.

17

### (d) The Complexity, Expense, and Likely Duration of Further Litigation and Trial

An important factor in the proposed settlement was the likely duration of further litigation if this settlement were not consummated. Undoubtedly, the litigation would have been expensive and protracted. Class certification issues would have to be briefed and argued, and the Court would be required to conduct a class certification hearing. Following the class certification determination, the case would have to be tried. Post-trial motions and appeals would likely follow, making a final determination in this case possibly years away.

Clearly, litigating the issues presented in this case would have consumed substantial resources of both the parties and the Court, which resources Defendant is able to put toward the settlement for the benefit of the Settlement Class as a result of the efforts of counsel to reach an early resolution of the claims.

### (e) The Stage of the Proceedings and the Amount of Discovery Completed

The parties have engaged in extensive formal discovery, wherein both parties responded to each other's requests for information and produced voluminous records. Plaintiffs' counsel met and conferred with named Plaintiffs on multiple occasions. Plaintiffs' counsel investigation included the review of records maintained by Representative Plaintiffs and documents produced by Defendant. Plaintiffs took the depositions of Defendant's representative.

18

By the time the settlement agreement was reached and the Agreement of Settlement was executed, Plaintiffs' counsel was fully aware of the strengths and weaknesses of the case. Plaintiffs believe they have meritorious claims, but also understood that there was a risk of not prevailing at the class certification hearing or on the merits of trial. The settlement in this case was reached only after counsel for Plaintiffs had reviewed the applicable law and obtained sufficient information through formal discovery and discussions to have a clear view of the strengths and weaknesses of the case and to evaluate the adequacy of the settlement.[6]

### (f)   The Recommendations of Competent Counsel

The proposed settlement is the product of lengthy, well-informed and non-collusive negotiations. This settlement is the result of intensive arms-length negotiations between the parties over the course of the better part of a year and numerous telephone conferences and a face to face meeting. Defendant has continued to deny any legal liability arising out of the conduct alleged in this action. Nonetheless, Defendant has concluded that it is desirable that this action be settled in the manner and upon the terms and conditions set forth in the Settlement Agreement

---

[6] In re Warner Commc'ns Sec. Litig., 618 F. Supp. 735, 741 (S.D.N.Y. 1985), aff'd, 798 F.2d 35 (2d Cir. 1986); see also Girsh v Jepson, 521 F.2d 153, 157 (3d Cir. 1975).

in order to avoid the expense, inconvenience, and burden of further legal proceedings, and the uncertainties of trial and appeals.

The Representative Plaintiffs and their counsel recognize the expense and length of a trial in this action against Defendant through possible appeals, which could take several years. They have also taken into account the uncertain outcome and risk of litigation, plus the inherent problems of, proof under, and alleged defenses to, the claims asserted in the action. Representative Plaintiffs and their counsel believe that the settlement set forth in the Settlement Agreement confers substantial immediate benefits upon the Settlement Class. In negotiating the settlement, counsel had the benefit of extensive formal discovery in this action in order to weigh the risk of litigation against the benefits and certainty that the settlement provides. Plaintiffs' counsel only entertained settlement possibilities after he possessed sufficient information regarding the size of the Settlement Class to make an informed judgment regarding the results that could be obtained through further litigation. Based upon their evaluation, Representative Plaintiffs and their counsel have determined that the settlement is in the best interest of the Settlement Class.

The proposed settlement has no "obvious deficiencies" and falls well within the range for approval. The entire Settlement Class will receive a proportionate credit from the Settlement Fund. Clearly, the goal of this litigation, to seek monetary redress for the Settlement Class, has been met. The settlement does not improperly grant

20

preferential treatment to Representative Plaintiffs or segments of the Settlement Class. The relief provided in the settlement will benefit all similarly situated Settlement Class members equally.

Any Settlement Class member who wishes to participate in the distribution of the Settlement Fund must comply and not exclude themselves from the Settlement Class. The Settlement Class is not required to submit any documentation to support the claims. Their claims have already been verified through the records of the City of Detroit.

At the Final Approval Hearing, Representative Plaintiffs and Defendant will present a final judgment giving effect to the Settlement Agreement and dismissing without prejudice all claims of any purported Settlement Class members who have been excluded by the Settlement Class as set forth above.  Upon confirmation of the settlement at the Final Approval Hearing, and performance by Defendant of all its obligations under the Settlement Agreement, Defendant will be fully, finally, and completely released of all liability to the Settlement Class members not requesting exclusion, except for those liabilities created by the Settlement Agreement.

WHEREFORE, the parties jointly and respectfully request that the Court, preliminarily approve the settlement and enter the proposed Preliminary Approval Order.

Respectfully submitted,

MARK K. WASVARY, P.C.                FAUSONE BOHN, LLP
By: /s/ Mark K. Wasvary             By: /s/ Michael M. McNamara
MARK K. WASVARY P51575              MICHAEL M. MCNAMARA P48055
Attorneys for Plaintiff             Attorneys for Defendant City of Detroit
2401 W. Big Beaver Rd., Suite 100   41700 W. Six Mile Rd., Suite 101
Troy, MI 48084                      Northville, MI 48168
(248) 649-5667                      (248) 380-0000


Dated: March 12, 2018

## CERTIFICATE OF SERVICE

I certify that on March 12, 2018, I electronically filed Joint Motion for Certification of Settlement Class and Preliminary Approval Order and Class Notice, along with Brief in Support .  All parties and counsel of record will receive notice of this filing through the Court's electronic filing system and may access the filing through the Court's system.


/s/ Mark K. Wasvary
Mark K. Wasvary