UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ABBOTT and INDEPENDENT
MANAGEMENT SERVICES, an assumed
name for THE CARSWELL GROUP, INC.

**CLASS ACTION**

         Plaintiffs,

Case No. 17-cv-10761
Hon. Bernard A. Friedman

CITY OF DETROIT, acting through its DETROIT
WATER & SEWERAGE DEPARTMENT,

         Defendant.

_____/

MARK K. WASVARY, P.C.
By:   MARK K. WASVARY P51575
Attorney for Plaintiffs
2401 W. Big Beaver Rd., Suite 100
Troy, Michigan 48084
(248) 649-5667
markwasvary@hotmail.com

FAUSONE BOHN, LLP
By: MICHAEL M. MCNAMARA P48055
JAMES G. FAUSONE P33579
JAMES PELLAND P51237
Attorneys for Defendant - City of Detroit
41700 W. Six Mile Rd., Suite 101
Northville, MI 48168
(248) 380-0000
mmcnamara@fb-firm.com

_____/

**PLAINTIFF'S UNOPPOSED MOTION IN SUPPORT
OF FINAL APPROVAL OF SETTLEMENT**

NOW COMES, PLAINTIFFS by and through their attorneys, MARK K. WASVARY, P.C. and for this Motion pursuant to FRCP 23 bring this Unopposed Motion for Final Approval of Settlement pursuant to the reasons set forth in the attached Brief in Support.

Pursuant to LR 7.1 Defendants do not oppose this motion pursuant to the Settlement Agreement filed in this matter.

Respectfully submitted,

s/ Mark K. Wasvary
MARK K. WASVARY, P.C.
2401 W. Big Beaver Rd., Ste 100
Troy, MI 48084
Telephone: 248-649-5667
markwasvary@hotmail.com

Dated: August 8, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ABBOTT and INDEPENDENT
MANAGEMENT SERVICES, an assumed
name for THE CARSWELL GROUP, INC.          **CLASS ACTION**

        Plaintiffs,                    Case No. 17-cv-10761
                                    Hon. Bernard A. Friedman

CITY OF DETROIT, acting through its DETROIT
WATER & SEWERAGE DEPARTMENT,

        Defendant.
_____/

MARK K. WASVARY, P.C.
By:   MARK K. WASVARY P51575
Attorney for Plaintiffs
2401 W. Big Beaver Rd., Suite 100
Troy, Michigan 48084
(248) 649-5667
markwasvary@hotmail.com

FAUSONE BOHN, LLP
By: MICHAEL M. MCNAMARA P48055
JAMES G. FAUSONE P33579
JAMES PELLAND P51237
Attorneys for Defendant - City of Detroit
41700 W. Six Mile Rd., Suite 101
Northville, MI 48168
(248) 380-0000
mmcnamara@fb-firm.com
_____/

**PLAINTIFFS' UNOPPOSED BRIEF IN SUPPORT
OF FINAL APPROVAL OF SETTLEMENT**

## TABLE OF CONTENTS

INDEX OF EXHIBITS.............................................................iii

INDEX OF AUTHORITIES....................................................... iv

STATEMENT OF THE ISSUES ............................................... vi

CONTROLLING AUTHORITY ................................................ vii

INTRODUCTION ..................................................................... 1

    I.    Preliminary approval and dissemination of notice................ 1

    II.   Background and summary of settlement. ............................. 2

    III.  The Settlement Class was notified about the settlement. ................................................................... 6

ARGUMENT .............................................................................. 8

    I.    The Court should approve the Settlement............................ 8

        A.    Standard for judicial evaluation and approval. ............ 8

        B.    Factors to be considered in determining whether a settlement is fair, reasonable, and adequate. ............ 9

            1.    The risk of fraud or collusion. ............................. 9

            2.    The complexity, expense and likely duration of the litigation. ................................................... 10

            3.    The amount of discovery..................................... 10

            4.    Likelihood of success on the merits..................... 11

            5.    Opinion of Class Counsel and Class Representative.................................................... 11

            6.    The reaction of absent class members. .............. 12

            7.    The public interest............................................. 13

CONCLUSION.......................................................................... 14

CERTIFICATE OF SERVICE ................................................... 15

## INDEX OF EXHIBITS

Proposed Final Order ...............................................................A

Declaration of _____.......................................................B

Declaration of Mark K. Wasvary ........................................C

# INDEX OF AUTHORITIES

## Cases

*Brent v. Midland Funding, LLC,* 2011 WL 3862363 (N.D. Ohio 2011) ........................................................................................... 9

*Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977) .................................... 10

*Domestic Air Transp. Antitrust Litig.,* 148 F.R.D. 297, 315 (N.D. Ga. 1993) ................................................................................................. 10

*Hispanics United of DuPage County v. Village of Addison, Illinois*, 988 F.Supp. 1130 (N.D. Ill. 1997) ......................................................... 13

*In re Austrian and German Bank Holocaust Litig.*, 80 F.Supp.2d 163 (S.D.N.Y. 2000) ................................................................................ 13

*In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297 (N.D. Ga. 1993) ................................................................................................. 10

*In re Money Transfer Litig.*, 164 F. Supp. 2d 1002 (N.D. Ill. 2001) ...... 12

*In re SmithKline Beecham Corp. Sec. Litig.*, 751 F. Supp. 525 (E.D. Pa. 1990) ....................................................................................... 13

*Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615 (6th Cir. 2007) ....... 8,9

*Isby v. Bayh*, 75 F.3d 1191 (7th Cir. 1996) ............................................... 8

*Maher v. Zapata Corp.*, 714 F. 2d 436 (5th Cir. 1983) ............................. 6

*Mangone v. First USA Bank*, 206 F.R.D. 222 (S.D. Ill. Feb. 2, 2001) ...................................................................................................... 13

*Retsky Family Ltd. Partnership v. Price Waterhouse LLP*, No. 97 C 7694, 2001 WL 1568856 (N.D. Ill. Dec. 10, 2001) ............................. 9

*Schlensky v. Dorsey*, 574 F.2d 131 (3d Cir. 1978) .................................. 13

*Stanspec Corp. v. Jelco, Inc.*, 464 F.2d 1184 (10th Cir. 1972) ................. 8

*Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F. 2d 956 (3d Cir. 1983).................................................................................. 6

*Whitford v. First Nationwide Bank*, 147 F.R.D. 135 (W.D. Ky. 1992).................................................................................... 13

## Rules

Fed. R. Civ. P. 23 (c) (2) (B) ...................................................... 7

Fed. R. Civ. P. 23 (e) (1) ............................................................ 7

Fed. R. Civ. P. 23 (e) (1) (C) ..................................................... 8

## Treatises

7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005) ............................................. 6

Manual for Complex Litigation, Third, § 30.42 (1995) ............ 8

## STATEMENT OF THE ISSUES

1.      Whether the Settlement Agreement is fair, reasonable, and adequate to the class members.

## CONTROLLING AUTHORITY

- Federal Rule of Civil Procedure 23

- *Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007)

- *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974)

- *Boeing Co. v. Van Gemert,* 444 U.S. 472 (1980)

- *Blum v. Stenson,* 465 U.S. 886 (1984)

Plaintiffs, James Abbott and Independent Management Services an assumed name for The Carswell Group, Inc. ("Plaintiffs"), on behalf of themselves and the settlement class of similarly-situated persons (collectively "Settlement Class" or "Class"), request that the Court enter an order finally approving the parties' Settlement Agreement ("Settlement" or "Agreement.")

## INTRODUCTION

After notice to all Class members was sent, no Class member has objected or requested to be excluded from the Settlement. Further, notice was sent to the U.S. and Michigan state attorney general and neither of them objected. Because the Settlement is fair, reasonable, and adequate, the Court should grant final approval to it. The proposed order is submitted with this brief as Exhibit A.

## I.   Preliminary approval and dissemination of notice.

On April 20, 2018, after consideration of the Settlement Agreement and plan of notice, the Court entered an order preliminarily approving the Settlement and approving the class notice ("Preliminary Approval Order.") Doc. 16. In accordance with that Order, Defendant caused the class notice to be mailed on _____ . Affidavit of _____.

<u>Exhibit B</u>. The Notice was also posted on Class Counsel's website. Affidavit of Mark K. Wasvary, Exhibit C. No members of the Class objected to the Settlement or chose to be excluded. *Id.*

## II.   Background and summary of settlement.

Plaintiffs filed a Class Action Complaint on March 9, 2017. In the allegations, Plaintiffs allege that Defendant had been charging an Industrial Waste Control Charge ("IWC") to water and sewer customers that are exempt from such charge and that such actions violate an ordinance, policy and a prior settlement agreement reached in USDC EDM Case #07-12963.

Defendant denied liability to Plaintiffs and the other Class members on a variety of legal and factual grounds. Based on discovery, Plaintiffs have determined that Defendant has charged the IWC to 257 water meter accounts that form the subject matter of this litigation. Attached as Exhibit D is a list of those meters.

The Parties engaged in settlement negotiations. Following formal discovery and negotiations in person and via telephone, the parties negotiated a formal, written settlement agreement, proposed court

orders, and proposed notice to the absent class members and have submitted that Agreement to the Court.

Without admitting or conceding fault or liability, Defendant has agreed to settle the claims by making $300,000.00 available to settle this matter ("Settlement Fund"). The Settlement Fund will be available to pay an incentive award to Plaintiffs for serving as the Class Representatives, and to pay fees and out-of-pocket litigation expenses to Class Counsel. The balance of the fund ($190,000.00) will be applied by way of credit to the water account of Class members. No money will revert to Defendant.

The Settlement was negotiated among the Parties, through counsel, in good faith, and at arms'-length. It will resolve this suit entirely.

The key terms of the Agreement are as follows:

a.     <u>Certification of a Settlement Class</u>. Pursuant to the Agreement, the Court has preliminarily certified a Rule 23 (b) (3) "Settlement Class" defined as:

> <u>Class</u>: All persons or entities who or which are water customers within the City of Detroit and are exempt from the Industrial Waste Control Charge (IWC) yet were assessed the IWC from November 13, 2014

3

through August 31, 2017. Excluded from the Class are Defendant and it's employees.[1]

b.      <u>The Class Representatives and Class Counsel</u>. The Court has appointed Plaintiffs as the Class Representatives and Plaintiffs' attorney Mark K. Wasvary of Mark K. Wasvary, P.C. as Class Counsel for the Settlement Class. Doc. 16.

c.      <u>Monetary Relief to the Members of the Settlement Class</u>. Defendant, has agreed to make available a total of $300,000.00 (the "Settlement Fund") to credit class members water and sewer accounts, to pay an incentive payment to Plaintiffs, and to pay attorney's fees and reasonable litigation expenses, to Class Counsel as approved by the Court. Doc. 13-1 at ¶ 6.

d.      <u>Class Notice</u>. The parties notified the Settlement Class about the settlement by sending the notice and claim form by U.S. Mail to Class members. <u>Exhibit B</u>. The Notice and Settlement Agreement was also posted on Class Counsel's website. Exhibit C. The notice included instructions about opting out, or objecting, and

---

[1] The water meter for account #100005301 located at 2 Woodward Ave. is shared by the City of Detroit and Wayne County. Since Wayne County is a Class Member and there is no way to split its interest from that of the City of Detroit, the parties are requesting the Court allow that meter to receive credit.

4

includes Class Counsel's address for any inquiries. Doc. 13-1,
Exhibit B thereto.

      e.   <u>Credits</u>. The formula for the determination of credits to
Class Members is structured by taking the entire amount of the
improper IWC charges covered by the settlement, determine each
meter's percentage of the charge and then take that meter's
percentage against $190,000.00 to determine the credit applicable
to each meter. For example, the entire amount of the IWC charges
is $488,270.50. if a meter's charge represented .10% of that amount,
then .10% times $190,000 is $190.00 representing the amount
available to the owner of exempt property to which the meter is
applicable. Doc. 13-1, ¶ 12b. Attached as Exhibit D is a list of Class
Members and the credit each will receive.

      f.   <u>Release</u>. In consideration of the relief provided by the
Settlement, the Settlement Class will release all claims that were
brought or could have been brought, as defined in the Agreement,
in this action against Defendant and the other released parties
regarding IWC charges to the 257 water meter accounts. Doc. 13-1,
¶ 9.

5

g.     <u>Attorney's Fees and Costs and Class Representative</u> <u>Award</u>. Class Counsel requests, and Defendant does not oppose, an award of attorney's fees equal to (a) one-third of the Settlement Fund ($100,000.00). This amount also covers costs and expenses incurred by Class Counsel. Class Counsel requests, and Defendant does not oppose, an award of $5,000.00 each to Plaintiff, James Abbott and Independent Management Services for serving as the Class Representatives.

## III.   The Settlement Class was notified about the settlement.

Rule 23 (e) (1) requires, "The court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Under federal law, notice of the settlement must satisfy due process. *Maher v. Zapata Corp.*, 714 F. 2d 436, 450-453 (5th Cir. 1983); *Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F. 2d 956, 963 (3d Cir. 1983). The Court is vested with wide discretion both as to the manner in which notice is given and the form that notice is to take. 7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005). Here, in compliance with the Court's Orders, Defendant caused the notice

to be sent by U.S. Mail to the Class members revealed through discovery to have been improperly charged the IWC. <u>Exhibit B</u>.

In this case, notice by U.S Mail is the best practicable notice available. Defendant has current mailing addresses for all water meter customers that were improperly assessed the IWC during the Class period. The Court was correct in ordering notice by U.S. Mail. This method of notice comports with the due process obligations under Rule 23 and is the best method of notice available. This allowed for maximum reach to the class members.

Moreover, the content of the parties' Notice complied with Rule 23 (c) (2) (B), which requires that the notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23 (c) (3)." The class notice stated all of those things. Doc. 13-1, Exhibit B.

# ARGUMENT

## I. The Court should approve the Settlement.

### A. Standard for judicial evaluation and approval.

A court should approve a settlement if the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e) (1) (C); *Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007). It is well-established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions. *See Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."). "[A] presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." Manual for Complex Litigation, Third, § 30.42 (1995). *See also Stanspec Corp. v. Jelco, Inc.*, 464 F.2d 1184, 1187 (10th Cir. 1972) ("The law actively encourages compromise and settlement of disputes.").

**B.** **Factors to be considered in determining whether a settlement is fair, reasonable, and adequate.**

Courts typically consider the following factors in evaluating a class action settlement: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and the class representatives; (6) the reaction of absent class members; and (7) the public interest." *Brent v. Midland Funding, LLC,* 2011 WL 3862363 at *12 (N.D. Ohio 2011), *citing Int'l Union,* 497 F.3d at 632. Here, these factors show the settlement should be approved.

**1.** **The risk of fraud or collusion.**

"Settlement negotiations that are conducted at arm's length and in good faith demonstrate that a settlement is not the product of collusion." *Retsky Family Ltd. Partnership v. Price Waterhouse LLP,* No. 97 C 7694, 2001 WL 1568856, * 2 (N.D. Ill. Dec. 10, 2001) (Darrah, J.). Here, the settlement record proves that the Settlement is not the product of collusion. Settlement was reached only after discovery on the merits. The Settlement was the result of arms-length negotiations between experienced counsel with an understanding of the strengths and

weaknesses of their respective positions. Therefore, there is no indication that this Settlement was the product of collusion.

### 2. The complexity, expense and likely duration of the litigation.

Class actions have a well-deserved reputation for complexity. *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 315 (N.D. Ga. 1993) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). There is no exception here. Had the case proceeded, Defendants would have contested class certification and the merits based upon governmental immunity and statute of limitations, among other defenses.

Defendants have agreed to avoid the risks and costs of litigation by making the Settlement Fund available to the Class. The Settlement provides for direct credit to Class Members' water accounts without the risks and costs of further litigation.

### 3. The amount of discovery.

The parties engaged in formal discovery in this case sufficient for the Parties to be aware of the relevant facts and issues present here, which allowed them to make an informed decision prior to agreeing to the settlement terms. Therefore, the stage of proceedings and amount of

discovery supports final approval. The members of the Class were notified in the best practicable manner; direct notice was sent by U.S. Mail. The Parties have compiled necessary discovery, and exchanged documents and data sufficient for Plaintiffs and their attorneys to evaluate the strength of this case.

### 4.   Likelihood of success on the merits.

Due to the risks and expenses involved in litigating this action and the lofty costs of pursing an inevitable appeal, reaching this Settlement is a fair, reasonable, and adequate result for the Class. Every class member will recover a proportionate share of damages without even making a claim. No money will revert to Defendant. Therefore, this Settlement is an excellent result when comparing the strength of the case to the settlement amount.

### 5.   Opinion of Class Counsel and Class Representative.

Plaintiffs and their counsel have concluded that the terms and conditions of this Settlement are fair, reasonable, adequate, and in the best interests of the Class as a means of resolving this litigation. Class Counsel has substantial experience litigating class actions.

With respect to adequacy of counsel, Mark K. Wasvary has been certified as class counsel in multiple lawsuits against municipalities where restitution was sought and received for the Class.[2]

Under these circumstances, the Court should give weight to Class Counsel's opinions about the settlement.

### 6.    The reaction of absent class members.

A low rate of opt-outs or opposition reflect favorably on a settlement. *In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1020-21 (N.D. Ill. 2001) (high acceptance rate "is strong circumstantial evidence in favor of the settlements"). Here, the Class members overwhelmingly support the settlement. This is evidenced by the fact that

---

[2] Plaintiffs' counsel has been certified as class counsel in the following lawsuits in the United States District Court for the Eastern District of Michigan: *Village Center Associates, et.al. v City of Detroit,* USDC Case No. 07-12963, *Lola Valley Terrace Association v Charter Township of Redford,* USDC Case No. 09-11238, *Lanson Development Company LLC v City of Dearborn,* USDC Case No. 09-13956, *Eghigian v Fifth Third Bank,* USDC Case No. 07-14406., *NILI 2011, LLC, et.al. v City of Warren*, USDC Case No. 15-cv-13392, *Garner v Charter Township of Redford,* USDC Case No. 15-cv-14100, *Garner v City of Taylor,* USDC Case No. 16-cv-13374. Mark K. Wasvary has also been certified in the Wayne County Circuit Court in the matter of *Woodside Square Limited Partnership v City of Romulus,* Case No. 09-019233CZ, and the Oakland County Circuit Court in the matter of *Kelly, et.al. v Birmingham Public Schools,* Case No. 12-130333-CZ.

no Class members objected to the settlement or chose to be excluded. Exhibit C. *See Mangone v. First USA Bank*, 206 F.R.D. 222 (S.D. Ill. Feb. 2, 2001) (low opt-out and objection statistic showed that approximately 99.99% of the class elected to take part in the settlement); *Schlensky v. Dorsey*, 574 F.2d 131, 148 (3d Cir. 1978); *In re SmithKline Beecham Corp. Sec. Litig.*, 751 F. Supp. 525, 530 (E.D. Pa. 1990); *Hispanics United of DuPage County v. Village of Addison, Illinois*, 988 F.Supp. 1130, 1169 (N.D. Ill. 1997) (settlement fair where only a small number of class members objected); *In re Austrian and German Bank Holocaust Litig.*, 80 F.Supp.2d 163, 175 (S.D.N.Y. 2000) (a small number of objectors is "indicative of the adequacy of the settlement"); *Whitford v. First Nationwide Bank*, 147 F.R.D. 135, 141 (W.D. Ky. 1992) ("small number of objectors is a good indication of the fairness of the settlement"). In this matter, there were no opt-outs or objections by Class Members.

### 7.   The public interest.

Courts have held that a settlement of class action litigation serves the public interest. *Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of America v. Gen. Motors Corp.,* 497 F.3d 615, 632 (6th Cir. 2007). Based upon the foregoing, as well as upon the judgment

of experienced class counsel, Plaintiffs request that the Court approve the proposed Settlement.

## CONCLUSION

The Court should approve the Settlement as fair, reasonable, and adequate and in the best interests of the settling parties and the Class.

Respectfully submitted,

/s/ Mark K. Wasvary
MARK K. WASVARY, P.C.
2401 W. Big Beaver Rd., Ste 100
Troy, MI 48084
Telephone: 248-649-5667
markwasvary@hotmail.com

Dated August 8, 2018

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that, on August 8, 2018 he caused the foregoing to be filed using the Court's CM/ECF system, which automatically serves a copy on all counsel of record.

<u>/s/ Mark K. Wasvary</u>